UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TRISHA BROOKS,<br><br>        Plaintiff,<br><br>v.<br><br>TEGNA BROADCAST HOLDINGS, INC.,<br><br>        Defendant. | Case No. 4:23-cv-4137<br><br>Removed from the<br>Circuit Court of Rock Island |

**DEFENDANT TEGNA BROADCAST HOLDINGS, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1446**

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant TEGNA BROADCAST HOLDINGS, INC., ("TEGNA" or "Defendant") hereby removes to this Court the following case: *Trisha Brooks v. TEGNA Broadcast Holdings, Inc.*, Case No. 2023LA65, from the Circuit Court of Rock Island, Illinois. As set forth below, the Court has jurisdiction and Defendant has satisfied the procedural requirements for removal.

**I.      BACKGROUND.**

1.      On July 5, 2023, Plaintiff Trisha Brooks ("Plaintiff") filed her Complaint in the Circuit Court of Rock Island, Illinois.

2.      On July 24, 2023, TEGNA received a copy of the summons, attached hereto as Exhibit A.

3.      Plaintiff's Complaint asserts causes of action against TEGNA for alleged and retaliation (Count I) and sex discrimination (Count II) in violation of the Illinois Human Rights Act ("IHRA") (*See* Complaint, Exhibit B.)

4.      Plaintiff seeks compensatory damages, reinstatement, back pay, attorney's fees, costs, and interest in her Complaint. (*Id.* at ¶¶45, 49.)

97234009v.3

5. Plaintiff's Complaint identifies that "Tegna is a Delaware corporation with its principal place of business in Virginia." *Id.* at ¶5.

## II. THE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION).

6. Pursuant to 28 U.S.C. 1332, the "district courts shall have original jurisdiction of all civil actions where" two elements are satisfied: (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (B) the action "is between [] citizens of different states." Here, both of these elements are met.

### A. The Amount in Controversy Exceeds $75,000.

7. The amount in controversy reasonably exceeds $75,000, exclusive of interest and costs.

8. In determining whether the jurisdictional amount in controversy has been met, the question is <u>not</u> whether the damages are, in fact, greater than $75,000. The Seventh Circuit has explained, the "removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if [s]he does [prevail]. The burden, rather, is to show what the plaintiff hopes to get out of the litigation." *Giles v. Week TV*, No. 16-cv-1030, 2016 U.S. Dist. LEXIS 38343, at *7-8 (C.D. Ill. Mar. 24, 2016); *see also Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir. 2006.)

9. When calculating the amount in controversy, compensatory damages, punitive damages, and attorney's fees are all included. *Epstein v. Target Corp.*, No. 06 C 7035, 2007 U.S. Dist. LEXIS 11680, at *6 (N.D. Ill. Feb. 15, 2007)*; see also* 775 ILCS 5/10-102(C)(1-2).

10. Here, Plaintiff seeks compensatory damages, punitive damages, liquidated damages, and attorneys' fees, and costs. She also seeks reinstatement and back pay. (*See* Ex. B, ¶¶45, 49).

97234009v.3

11. Back pay or salary also is an aspect of recovery available to Plaintiff under the IHRA. *See* 775 ILCS 5/8A-104(C) (recognizing that upon a finding of a civil rights violation, that hiring, reinstating, and receiving "back pay" are all aspects of available recovery).

12. Plaintiff was employed at TEGNA as an Account Executive. (Ex. B, ¶8.)

13. Plaintiff's employment was terminated on February 25, 2022. (*Id,* at ¶33.)

14. Plaintiff's base salary as an Account Executive was $42,000, and she would have earned a commission based on how many sales she made. (*See* Declaration of Sherry Phillips, Account Manager, Exhibit C ¶9.)

15. Should the case proceed to trial by February 2024, Plaintiff will claim two years' worth of back salary, which minimally will total $84,000.00 of base pay in addition to any commission pay Plaintiff might have earned. Accordingly, Plaintiff's claim for back salary alone exceeds the entirety of the $75,000 jurisdictional threshold. *See Epstein v. Target Corp.*, No. 06 C 7035, 2007 U.S. Dist. LEXIS 11680, at *6 (N.D. Ill. Feb. 15, 2007) (explicitly stating that "when calculating a potential back-pay award, federal and state courts in Illinois have estimated what a plaintiff would have earned from the time her employment ended until trial").

16. Moreover, federal courts have recognized that where, as here, punitive damages are recoverable as a matter of state law, then subject matter jurisdiction is met unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount. *See Goel v. Patni Comput. Sys.,* No. 07-1034, 2008 U.S. Dist. LEXIS 120788, at *3 n.1 (C.D. Ill. May 27, 2008); *see also Walsh Chiropractic, LTD v. Stratacare, Inc.*, 752 F. Supp. 2d 896, 902 (S.D. Ill. 2010).

17. TEGNA denies that Plaintiff is entitled to any recovery at all, but, if this matter were to proceed to trial and Plaintiff were to prevail, Plaintiff's recovery of attorneys' fees alone would undoubtedly exceed $75,000.

18. Given the non-specific damages allegations in the Complaint, including back pay, punitive damages, and attorney's fees, a factfinder may determine the amount in controversy exceeds the Court's jurisdiction threshold of $75,000 based on a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). Defendants believe in good faith that the amount in controversy in this matter exceeds $75,000, exclusive of costs and interests, as required for original jurisdiction for diversity jurisdiction under 28 U.S.C. § 1332(a).

B.  **There is Complete Diversity Between Plaintiff and TEGNA**

19. Plaintiff is an individual. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Smyser v. Nguyen*, No. 07-2059, 2007 U.S. Dist. LEXIS 100563, at *2 (C.D. Ill. June 6, 2007). A person's permanent home is generally considered that person's domicile. *Id.*

20. On information and belief, Plaintiff is domiciled in Illinois, and is, therefore, a citizen of the State of Illinois for diversity-jurisdiction purposes. (*See* Ex. C, at ¶ 6.)

21. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, (2010).

22. As pled in the Complaint, TEGNA is a Delaware corporation with its principal place of business in Virginia. (Ex. B , ¶5.) Accordingly, TEGNA is a citizen of the State of Delaware and Virginia for removal purposes.

23. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Delaware and/or Virginia and is not a citizen of the same state as Plaintiff.

### III. TEGNA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446.

24. This Notice of Removal is timely in that it is filed within 30 days from the date Defendant received a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Strisnging, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").

25. In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon TEGNA in the Circuit Court of Rock Island are attached as Exhibit A and Exhibit B.

26. TEGNA will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Rock Island County and serve a copy on counsel for Plaintiff.

### IV. CONCLUSION

27. For the foregoing reasons, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and the procedural requirements of 28 U.S.C. § 1446 are satisfied.

28. Thus, TEGNA asks that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law.

| | |
|---|---|
| **DATED: August 23, 2023** | Respectfully Submitted, |
| | TEGNA BROADCAST HOLDINGS, INC. |
| By: /s/ Mark D. Churchill Bar No. 6277254<br>mchurchill@churchillfirm.com<br>CHURCHILL & CHURCHILL, P.C.<br>1610 Fifth Avenue<br>Moline, IL 61265<br>PH: (309) 762-3643<br>FAX: (309) 762-4690 | Erin Dougherty Foley Bar No. 06269761<br>edfoley@seyfarth.com<br>Saman Haque, Bar No. 6335995<br>SEYFARTH SHAW LLP<br>233 South Wacker Dr., Ste. 8000<br>Chicago, IL 60606-6448<br>Telephone (312) 460-5000<br>FAX (312) 460-7000 |
| Attorneys for Defendant | Attorneys for Defendant |

97234009v.3

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of August, 2023, a true and correct copy of the foregoing was electronically filed and served via email to:

>Kelsey A. Marquard
>O'Brien & Marquard, P.L.C.
>2322 East Kimberly Road,
>Suite 140S
>Davenport, Iowa 52807
>
>***Attorneys for Plaintiff***

>/s/ Mark D. Churchill
>One of the Attorneys for Defendant
>TEGNA BROADCAST HOLDINGS, INC.

97234009v.3